UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY RUGGIERO,

                         Plaintiff,

          -against-

STEPHANIE E. JONES, Correction Officer,
Fishkill C.F., *et al.*,

                        Defendants.

23-CV-7157 (PMH)

ORDER OF SERVICE

---

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights and his rights under state law when he was incarcerated at Fishkill Correctional Facility.[1] By order dated August 15, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

**A.**    **Service on named Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Plaintiff was no longer incarcerated at the time he filed this action.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants Stephanie E. Jones, Kevin C. Eschmann, Paul E. Julien, Kaylah V. Pryear, Alexandra Ayana Gibbons, Ana M. Figueroa, David J. Valentino, John P. Broas, Chris J. Churns, Edward R. Burnett, Anthony J. Annucci, Shawn T. Sawyer, Investigator Vasquez, and Darion Torres[3] through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      *Valentin* order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision ("DOCCS") to identify: (1) Jane Doe Correction Officer (also known as "Ms. A."); (2) John Doe Correction Officer who was on duty on October 12, 2022; (3) incarcerated individual John Doe #1, whom Plaintiff believes to be from Gambia; (4) John Doe Incarcerated

---

[3] Although Plaintiff identifies this Defendant as "Dario Torres," public records maintained by the New York State Department of Corrections and Community Supervision ("DOCCS") show that his first name is "Darion."

Individuals #2 through #6, whom Plaintiff alleges assaulted him on October 12, 2022; and (5) the

real name of the Defendant Plaintiff refers to as "Scott Durant."[4] It is therefore ordered that the

New York State Attorney General, who is the attorney for and agent of DOCCS, must ascertain

the identity and, where applicable, the badge number of each John and Jane Doe whom Plaintiff

seeks to sue here and the address where the defendant may be served. The Attorney General must

provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint

naming the John and Jane Doe defendants. The amended complaint will replace, not supplement,

the original complaint. An amended complaint form that Plaintiff should complete is attached to

this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended

complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285

forms with the addresses for the named John and Jane Doe Defendants and deliver all documents

necessary to effect service to the U.S. Marshals Service.

## C.     Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to

respond to specific, court-ordered discovery requests, applies to this action. Those discovery

requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil

Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests.

In their responses, Defendants must quote each request verbatim.[5]

---

[4] Although Plaintiff identifies this Defendant as Durant, records maintained by DOCCS
do not show an individual with that name in DOCCS custody.

[5] If Plaintiff would like copies of these discovery requests before receiving the responses
and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**D.     NYLAG Clinic**

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG")

Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic

staffed by attorneys and paralegals to assist those who are representing themselves in civil

lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the

court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party

through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this

order.

## CONCLUSION

The Clerk of Court is directed to issue summonses, complete the USM-285 forms with

the addresses for Stephanie E. Jones, Kevin C. Eschmann, Paul E. Julien, Kaylah V. Pryear,

Alexandra Ayana Gibbons, Ana M. Figueroa, David J. Valentino, John P. Broas, Chris J. Churns,

Edward R. Burnett, Anthony J. Annucci, Shawn T. Sawyer, Investigator Vasquez, and Darion

Torres, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the

New York State Attorney General at 28 Liberty Street, 16th Floor, New York, New York 10005.

An "Amended Complaint" form is attached to this order.

A copy of the NYLAG flyer with details of the clinic is attached to this order.

Local Civil Rule 33.2 applies to this action.

5

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:
      White Plains, New York
      September 8, 2023

_____
PHILIP M. HALPERN
United States District Judge

5

## DEFENDANTS AND SERVICE ADDRESSES

1.      Correction Officer Stephanie E. Jones
        Fishkill Correctional Center
        18 Strack Drive
        Beacon, New York 12508-0307

2.      Correction Officer Kevin C. Eschmann
        Fishkill Correctional Center
        18 Strack Drive
        Beacon, New York 12508-0307

3.      Correction Officer Paul E. Julien
        Fishkill Correctional Center
        18 Strack Drive
        Beacon, New York 12508-0307

4.      Correction Officer Kaylah V. Pryear
        Fishkill Correctional Center
        18 Strack Drive
        Beacon, New York 12508-0307

5.      Correction Officer Alexandra Ayana Gibbons
        Fishkill Correctional Center
        18 Strack Drive
        Beacon, New York 12508-0307

6.      Correction Officer Ana M. Figueroa
        Fishkill Correctional Center
        18 Strack Drive
        Beacon, New York 12508-0307

7.      Correction Officer David J. Valentino
        Fishkill Correctional Center
        18 Strack Drive
        Beacon, New York 12508-0307

8.      Correction Sergeant John P. Broas
        Fishkill Correctional Center
        18 Strack Drive
        Beacon, New York 12508-0307

9.      Deputy Superintendent Chris J. Churns
        Fishkill Correctional Center
        18 Strack Drive
        Beacon, New York 12508-0307

10.      Superintendent Edward R. Burnett
Fishkill Correctional Center
18 Strack Drive
Beacon, New York 12508-0307

11.      Retired Acting Commissioner Anthony J. Annucci
New York State Department of Corrections and Community Supervision
The Harriman State Campus, Building 2
1220 Washington Avenue
Albany, NY 12226-2050

12.      Correction Lieutenant Shawn T. Sawyer
Fishkill Correctional Center
18 Strack Drive
Beacon, New York 12508-0307

13.      Investigator Vasquez
Office of Special Investigation
Fishkill Correctional Center
18 Strack Drive
Beacon, New York 12508-0307

14.      Darion Torres
DIN: 21R0778
Fishkill Correctional Facility
271 Matteawan Road
P.O. Box 1245
Beacon, New York 12508-0307

Revised 10/30/22

## NYLAG
### New York — Legal Assistance Group

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

<u>LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT</u>

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II.  FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

**III. TERMINATION OF ASSISTANCE**

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

**IV. CONFIDENTIALITY**

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

**V.  REVIEW AND CONSENT**

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____                    _____

Signature                                                                              Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

**NYLAG**
New York Legal Assistance Group

**Name** _____   **Date of Birth** _____

**Facility** _____

**Identification #** _____   **Email (if available)** _____

**How did you hear about our clinic? (Circle One)**

Pro Se Intake Office          Order/Letter from the Judge          Conference/Hearing with the Judge

Pro Se Information Package     Website                              Friend/Family

Other _____

**Ethnicity (Circle One)**

Asian/Pacific Islander        Hispanic                            Caucasian

African American              Middle Eastern                      Decline to Answer

African                       Caribbean

Native American               South Asian

**Education Level (Circle One)**

8th Grade or Less             GED                                 2-4 years of College/Vocational School

Some high school              College graduate                    Decline to Answer

High school graduate          Graduate degree

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

