UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RUGGIERO,

                              Plaintiff,

-against-

STEPHANIE E. JONES, Correction Officer, Fishkill C.F., *et al.*,

                              Defendants.

**ORDER OF SERVICE**

23-CV-07157 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights and his rights under state law when he was incarcerated at Fishkill Correctional Facility. By order dated August 15, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] On September 8, 2023, the Court directed the Clerk of Court to complete the USM-285 forms with the addresses for, and deliver all documents necessary to effect service to the U.S. Marshals Service on, Defendants Stephanie E. Jones, Kevin C. Eschmann, Paul E. Julien, Kaylah V. Pryear, Alexandra Ayana Gibbons, Ana M. Figueroa, David J. Valentino, John P. Broas, Chris J. Churns, Edward R. Burnett, Anthony J. Annucci, Shawn T. Sawyer, Investigator Vasquez, and Darion Torres (Doc. 6). The Court also issued a *Valentin* Order with respect to the John and Jane Doe defendants described in the complaint who were involved in the alleged violations of Plaintiff's rights. (*Id.*). On December 7, the Attorney General's Office identified five previously unnamed

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

defendants: German Castillo, Timothy McKenny, Eric Johnson, Zaire Birks, and Correctional Officer Jerome Holloway. (Doc. 29).

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the newly identified Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the newly identified Defendants Delacruz and Rodriguez. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the newly identified Defendants.

If the Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the Complaint until the Court reviewed the Complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

## CONCLUSION

The Clerk of Court is instructed to issue summonses, complete the USM-285 form with the addresses for Defendants German Castillo, Timothy McKenny, Eric Johnson, Zaire Birks, and Correctional Officer Jerome Holloway, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail: (1) a copy of this order and the complaint to the New York State Attorney General at 28 Liberty Street, 16th Floor, New York, New York 10005; and (2) an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:  White Plains, New York
        December 8, 2023

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Timothy McKenny
   DIN 18A2625
   Fishkill Correctional Facility
   271 Matteawan Road
   P.O. Box 1245
   Beacon, NY 12508

2. Eric Johnson
   DIN 15A3993
   Coxsackie Correctional Facility
   11260 Route 9W
   P.O. Box 999
   Coxsackie, NY 12501

3. Zaire Birks
   DIN 19A1386
   Fishkill Correctional Facility
   271 Matteawan Road
   P.O. Box 1245
   Beacon, NY 12508

4. German Castillo
   636 E 224th Street
   Apt 2B
   Bronx, NY 10466

5. CO Jerome Holloway
   NYS Department of Corrections and Community Supervision
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508