UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RUGGIERO,

                            Plaintiff,

            -against-

STEPHANIE E. JONES, Correction Officer,
Fishkill C.F., *et al.*,

                            Defendants.

**ORDER OF SERVICE**

23-CV-07157 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff's letter-motion for the entry of default judgment against defendants Zaire Birks, Timothy McKenny, Eric Johnson, and German Castillo is denied without prejudice. (Doc. 106). As a procedural matter, Plaintiff's application is denied because it fails comply with Local Civil Rule 55.1 and the Court's Individual Practices Rule 4(B) for the making of such applications. With respect to the substance of the request, Plaintiff seeks the entry of default on the amended pleading, which, as indicated in the Court's Opinion and Order (Doc. 98), was not served on any of these defendants. Plaintiff is correct that Birks, McKenny, Johnson, and Castillo appear to have been served with a summons and the original complaint (*see* Docs. 34, 38, 73, 74),[1] and failed to answer or otherwise move with respect to that pleading, but were not served with Plaintiff's Amended

---

[1] Plaintiff points out that the Court indicated in a prior order that it appeared that defendant Zaire Birks was served with the First Amended Complaint on April 15, 2024, citing Doc. 73. However, the Marshal's Process Receipt and Return of Service does not specify that the Amended Complaint was served on defendant Birks; rather, it indicates that the "Summons and Complaint" were served upon him. (Doc. 73). Nor would have the Amended Complaint been served at that time, as the Court had not issued an Order of Service directing the Clerk of Court to deliver the Amended Complaint to the U.S. Marshals Service for service upon defendant Birks (or any of the other defendants that are the subject of Plaintiff's instant motion). Accordingly, the Court's June 25, 2024 Order was incorrect in suggesting that a copy of the First Amended Complaint had been served on defendant Birks.

Complaint. (Doc. 64). "[A] pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c)," must be served on every party. Fed. R. Civ. P. 5(a)(1)(B).

As a general rule "[i]t is well established that an amended pleading ordinarily supersedes the original and renders it of no legal effect." *International Controls Corp. v. Vesco,* 556 F.2d 665, 668-69 (2d Cir. 1977). "The application of this general rule, however, depends on the specific circumstances of the case." *Finkel v. Hall-Mark Elec. Supplies Corp.*, No. 07-CV-02376, 2009 WL 3401747, at *3 (E.D.N.Y. Oct. 21, 2009) (citing *Vesco,* 556 F.2d at 669). For example, when "a plaintiff serve[s] a defendant with an original complaint before filing an amended pleading, the original complaint is only superseded when the plaintiff serves the amended complaint, not when the plaintiff files it." *Id*. Alternatively, service of an original complaint is itself invalid if it is served after the plaintiff files an amended complaint. *TCS Capital Management, LLC v. Apax Partners, L.P., et al,* No. 06-CV-13447, 2008 WL 650385, at *10 (S.D.N.Y. March 7, 2008).

Here, Birks and McKenney were served with the original complaint *after* Plaintiff filed the operative Amended Complaint. (Docs. 73, 74). Thus, service of the original complaint on them appears invalid. Although Plaintiff argues in his application for default judgment that all defendants were served with the Amended Complaint, in support thereof he attaches a certificate of service of his letter requesting a pre-motion conference in connection with his request to amend the complaint together with a copy of the proposed first amended complaint. (Doc. 106-1). Plaintiff has not established that he served a copy of the First Amended Complaint on any of the defendants.[2]

---

[2] Because Johnson and Castillo were served with the original complaint prior to Plaintiff's filing the Amended Complaint (Docs. 34, 38), they may be in default as to the original complaint.

To the extent Plaintiff's letter-motion can be construed as requesting an order for service via the United States Marshal Service (*see* Doc. 106 at 2 ("No, I will not serve them again")), the Court exercises its discretion and grants this request. To allow Plaintiff to effect service of the Amended Complaint on the defendants who have not been served with the Amended Complaint—Torres, Birks, McKenny, Johnson, and Castillo—through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the Amended Complaint (Doc. 64) upon these defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    White Plains, New York
          February 27, 2025

_____
PHILIP M. HALPERN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      Timothy McKenny
        DIN 18A2625
        Fishkill Correctional Facility
        271 Matteawan Road
        P.O. Box 1245
        Beacon, NY 12508

2.      Eric Johnson
        DIN 15A3993
        Coxsackie Correctional Facility
        11260 Route 9W
        P.O. Box 999
        Coxsackie, NY 12501

3.      Zaire Birks
        DIN 19A1386
        Fishkill Correctional Facility
        271 Matteawan Road
        P.O. Box 1245
        Beacon, NY 12508

4.      German Castillo
        636 E 224th Street
        Apt 2B
        Bronx, NY 10466

5.      Dario Torres
        215 Beach 29th Street
        Queens, NY 11691